## MILLER vs. HOWARD and WOODRUFF.

1. A defendant who has permitted a bill for account against himself and his partner to be taken as confessed against him, cannot question his liability to account, by exception to a master's report, which, pursuing the order of reference, holds him liable to account.

2. Though a firm, (successors to a dissolved partnership,) disregarding the known rights of a member of the dissolved firm, have taken into their possession property in which he was, as they knew, interested, and have treated and dealt with it as their own, yet the court requires that the best means available of arriving at the amount with which the new firm should be charged, should be employed. The means employed by the receiver *held* not satisfactory.

On exceptions to master's report.

*Mr. J. Henry Stone,* for exceptants.

*Mr. Thomas H. Shafer,* contra.

THE CHANCELLOR.

The defendants except to the report of the special master, because he has charged them with the difference between the amount of the appraisement made by the arbitrators chosen by the complainant and the defendant, Howard, and the amount of the appraisement made by the receiver appointed in this cause; and, also, because the master has held the defendant, Woodruff, liable, as the partner of Howard, to account to the complainant, while, as they insist, he was not such partner.

As to this latter exception, the master has pursued the order of reference, which required him to take an account of all the goods and stock belonging to the late firm of Howard and Miller, used and sold by the defendants, Howard and Woodruff, while they were in business together as partners, and of the amount and value thereof. The defendants cannot now, in this way, question Woodruff's liability to account. The bill states that Howard and Miller entered into co-partnership in 1868, and on the 16th of April, 1870, agreed to dissolve their co-partnership, and to leave to arbitration the taking of the inventory of the stock in trade of the firm, and their accounts and evidences of debt and moneys due them; that the arbitrators made their award on the 9th of July, 1870; that about the 5th of May preceding, Howard and Woodruff entered into co-partnership, as successors of Howard and Miller, and took possession accordingly of the property of the latter firm, Miller's interest in which, Howard agreed, with the former, in the agreement of dissolution, to purchase of him at the appraisement of the arbitrators, and that Howard and Woodruff continued to use the property accordingly, until the award was published. The bill states that, after the award was made, Howard refused to abide by his agreement to purchase. Neither Howard nor Woodruff answered the bill, which was taken as confessed against them, accordingly. That exception must be overruled. The other is on the ground that the master fixed the amount due from Howard and Woodruff, by deducting the amount of the appraisement made by the receiver, from the amount of that made by the arbitrators. These appraisements were not made by the same persons, nor does it appear that the prices fixed to the articles in the inventories are the same, nor, if there was depreciation in value, that the defendants are chargeable with it. Conceding that Howard and Woodruff are bound by the appraisement made by the arbitrators, it does not appear that they even had any notice of the making of that which was made by the receiver, nor that they are in any way bound by it. Though the defendants,

disregarding the known rights of the complainant, have taken into their possession property in which he was, as they knew, interested, and have treated and dealt with it as their own, the court, nevertheless, requires that the best means available to him of arriving at the amount with which they should be charged, should be employed. There appears to have been no attempt to fix the amount due from the defendants, except in the way above indicated. There ought, it would seem, to be better means. One of the arbitrators assisted in making the appraisement for the receiver, and he was also a witness before the master. At all events, as this case stands, the means which were employed are, for the reason given, not satisfactory. It cannot, with those inventories in hand, be difficult to ascertain what assets of Howard and Miller passed into the hands of Howard and Woodruff, and what portion of them were not delivered over by them to the receiver. And it would appear not to be difficult to fix the values of the assets unaccounted for. This exception will be allowed. Neither party is entitled to costs.